4 F.3d 99
 Cesar A. PERALES, as Commissioner of the New York State
Department of Social Services; New York State Department of
Social Services; Robert Abrams, as Attorney General of the
State of New York, and on behalf of the People of the State
of New York; State of New York; City of New York; Sara
Doe; Jane Roe; Anne Coe, individually and on behalf of
their minor children, and on behalf of all others similarly
situated and their minor children, Plaintiffs-Appellants,
Fran Foe; Mary Moe; Linda Loe; Susan Soe; Zelda Zoe,
individually and on behalf of their minor children, and on
behalf of all others similarly situated and their minor
children, Plaintiffs-Intervenors-Appellants,
v.
Richard L. THORNBURGH, as Attorney General of the United
States; Terrance O'Reilly, as Assistant Commissioner of the
Immigration and Naturalization Service; Edward Wildblood,
as Legalization Director of the INS Eastern Regional Office;
Gilbert Tabor, as INS Eastern Regional Processing Facility
Director; Scott Blackman, as INS District Director of the
New York District; Louis W. Sullivan, M.D., as Secretary of
Health and Human Services, Defendants-Appellees.
 Nos. 253 to 255, Dockets 91-6133, 91-6135, 91-6167.
 United States Court of Appeals,
Second Circuit.
 On remand from Supreme Court Argued Sept. 30, 1991.
Decided June 24, 1992.
Vacated and Remanded June 28, 1993.
Remanded Aug. 24, 1993.
 
 Stephen Loffredo, Main Street Legal Services Inc., Flushing, NY; Victor Kovner, Corp. Counsel to the City of New York, New York City, Ellen B. Fishman, Linda H. Young, Robert Abrams, Atty. Gen. of the State of NY, New York City, O. Peter Sherwood, Sol. Gen., Judith Kramer, Charles F. Sanders, for plaintiffs-appellants.
 Otto G. Obermaier, U.S. Atty., S.D.N.Y., Diogenes P. Kekatos, Marla Alhadeff, Asst. U.S. Attys., of counsel, for defendants-appellees.
 Lucas Guttentag, Linda Bosniak, American Civil Liberties Union, New York City, Michael Rubin, Altshuler, Berzon, Nussbaum, Berzon & Rubin, Pauline Gee, Stephen A. Rosenbaum, California Rural Legal Assistance, San Francisco, CA, Vibiana Andrade, Mexican American Legal Defense & Education Fund, Los Angeles, CA, for amici curiae American Civil Liberties Union, American Council of Nationality Services, Anna R., Sofia Baez Dehuerta, Jane S., Catholic Charities, Archdiocese of New York, Office for Immigrant Services, Travelers Aid Service/Victim Services Agency, Asian American Legal Defense and Educ. Fund, League of United Latin American Citizens, Nat. Coalition for Haitian Refugees, New York Immigration Coalition, Cent. American Refugee Center, Church Avenue Merchants Block Ass'n, Washington Ass'n of Churches.
 Before: CARDAMONE, WALKER, and McLAUGHLIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 We initially decided this appeal in Perales v. Thornburgh, 967 F.2d 798 (2d Cir.1992). The Supreme Court granted certiorari and vacated the case and remanded it to us for further consideration in light of Reno v. Catholic Social Services, Inc., 509 U.S. ----, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993). Reno v. Perales, --- U.S. ----, 113 S.Ct. 3027, 125 L.Ed.2d 716 (1993).
 
 
 2
 In Catholic Social Services, the Court held that aliens challenging regulations promulgated pursuant to the Immigration Reform and Control Act of 1986, Pub.L. No. 99-603, 100 Stat. 3359 (the "Act"), but who had not applied for adjustment of status under the Act, did not make out ripe claims merely because the challenged regulations were promulgated or because they believed the regulations made them ineligible for adjustment of status. The Court noted that this was true whether the alien had heard of the challenged regulations from an attorney, word-of-mouth, or from a "QDE," a private organization such as a community center or church that is designated by the Attorney General pursuant to the Act to disseminate information about the Act and assist in the preparation of applications. Catholic Social Services, 509 U.S. at ---- - ---- n. 19, 113 S.Ct. at 2491 n. 19. However, the Court held that aliens whose applications were "front-desked," that is, turned away by Immigration and Naturalization Service employees and never processed because the applicant would be ineligible under the challenged regulations, would have ripe claims. Id., 509 U.S. at ---- - ----, 113 S.Ct. at 2497. The Court also noted: "Although we think it unlikely, we cannot rule out the possibility that further facts would allow class members who were not front-desked to demonstrate that the front-desking policy was nevertheless a substantial cause of their failure not to apply, so that they can be said to have had the [challenged regulations] applied to them in a sufficiently concrete manner to satisfy ripeness concerns." Id., 509 U.S. at ---- n. 28, 113 S.Ct. at 2500 n. 28.
 
 
 3
 In this case, the plaintiffs also challenge regulations promulgated under the Act. As in Catholic Social Services, there are not facts in the record sufficient for us to determine which, if any, of the members of the plaintiff class were front-desked or otherwise had the challenged regulations applied to them "in a sufficiently concrete manner to satisfy ripeness concerns." We therefore remand this case to the district court for further proceedings consistent with Catholic Social Services and this opinion.